**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE AND ATLANTA DIVISIONS**

| | | |
|---|---|---|
| HALO WIRELESS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:11-CV-158-RWS |
| TDS TELECOMMUNICATIONS | : | |
| CORPORATION, *et. al* | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| TDS TELECOMMUNICATIONS | : | |
| CORPORATION, *et. al*, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 1:11-CV-2749-RWS |
| v. | : | |
| | : | |
| HALO WIRELESS, INC., *et. al* | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on TDS Telecommunications

Corporation, Blue Ridge Telephone Company, Camden Telephone & Telegraph

Company, Inc., Nelson-Ball Ground Telephone Company, and Quincy

Telephone Company (collectively, "TDS")'s Motions to Consolidate [36, 14],

TDS's Motion for Reconsideration of Order Staying Case and to Remand [11], TDS's Motion for Oral Argument on its Motion for Reconsideration and to Remand [36], and Halo Wireless, Inc. ("Halo") and Transcom Enhanced Services, Inc. ("Transcom")'s Motions to Transfer to the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division [34, 17]. After a review of the records, the Court enters the following order.

## I. Relevant Factual Summary

On June 14, 2011, TDS filed a complaint with the Georgia Public Service Commission ("Georgia PSC") against Halo and its affiliate Transcom–an action similar to over twenty other actions filed in ten different states. This complaint requested: 1) that the Georgia PSC declare that wireless traffic sent to the TDS by Halo for termination was subject to intrastate access-charges; 2) that the Georgia PSC issue a cease and desist order which would prevent Halo and Transcom from providing a telecommunications service and/or a telephone system without a Georgia Certificate of Authority or Georgia Certificate of Public Convenience and Necessity; and 3) that Halo and Transcom pay all outstanding intrastate access-charges and interest accrued to TDS. Atl. Cmpl., Dkt. No. [3-1].

On June 28, 2011, Halo and Transcom filed the Gainesville action, asking this Court to declare that the FCC retained exclusive jurisdiction over the issues in the Georgia PSC matter and to enjoin TDS from pursuing such claims in any non-FCC tribunal. Gains. Cmpl., Dkt. No. [1]. TDS then moved to dismiss the Gainesville action, and Halo filed a separate suit in the Superior Court of Fulton County, Georgia, seeking to enjoin the Georgia PSC from pursuing any action in that suit.

On August 8, 2011, the day before the Georgia PSC was scheduled to conduct a hearing in the administrative matter and the day of its Superior Court hearing, Halo filed for Chapter 11 bankruptcy in the Eastern District of Texas. Subsequently, the Georgia PSC decided that because only Halo was a debtor, and not Transcom, the bankruptcy automatic stay only applied to Halo and not Transcom. As a result of that determination, Halo and Transcom filed a Notice of Removal in the Georgia PSC action and removed that matter to the Northern District of Georgia, Atlanta Division. After a determination that that suit involved the same parties and issues as the Gainesville action, the Honorable Amy Totenberg transferred the Atlanta case to the undersigned for

3

consolidation after first staying that matter, *sua sponte,* pursuant to Halo's suggestion of bankruptcy on the docket.

On September 13, 2011, TDS filed a motion for relief from stay in the Bankruptcy Court for the Eastern District of Texas pursuant to 11 U.S.C. § 362(b)(4), which states that a Chapter 11 automatic stay will not apply to proceedings which enforce a "governmental unit's police or regulatory power." On October 26, 2011, Bankruptcy Judge Brenda T. Rhodes granted TDS's motion and lifted Halo's automatic stay in any state-regulatory proceeding, allowing the Georgia PSC to determine if it has jurisdiction over the issues raised in the TDS complaint and to determine whether Halo has violated Georgia state law. Judge Rhodes stated, though, that while those commissions could issue relief to TDS, TDS could not collect on any liquidated debt incurred therein without the expressed permission of the bankruptcy court. See Dkt. No. [36-2].

On October 28, 2011, Halo moved the bankruptcy court to issue a stay pending appeal, and on November 1, 2011, Judge Rhodes denied that request. She stated that "the harms alleged by the debtor – *i.e.*, the cost of proceeding before the state utility commissions and the potential for differing results

4

amongst the commissions – are 'part and parcel of corporate federalism.'" Dkt. No. [36-3] (citing Budget Prepay, Inc. v. AT&T Corp., 605 F.3d 272, 281 (5th Cir. 2010)). Judge Rhodes did note that there was "a risk that this Court's decision could be reversed," though, and she granted Halo's request for a direct appeal to the Fifth Circuit on the matter. Id.

TDS has moved to consolidate the Gainesville and Atlanta actions, and Halo has requested instead that they be transferred to the bankruptcy court so that one federal venue may hear all of these claims which have been brought by TDS around the country. As well, TDS asks this Court to lift the stay and remand the action to the Georgia PSC. The Court will consider each motion in turn.

## **II. Motion to Consolidate**

Pursuant to Federal Rule of Civil Procedure 42(a), TDS seeks consolidation of two cases pending in this district. Rule 42 provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> > (1) join for hearing or trail any or all matters at issue in the actions;
> > (2) consolidate the actions; or
> > (3) issue any other orders to avoid necessary cost or delay.

5

This Rule "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotations omitted).  Although the decision to consolidate cases is committed to the sound discretion of the trial court, id. (Rule 42(a) "is permissive and vests a purely discretionary power in the district court.") (quotations omitted); Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary."), that discretion is not without limits.  As the text of Rule 42(a) makes clear, a trial court may consolidate cases only when (1) the actions involve a common question of law or fact and (2) they are pending before the same court.  FED. R. CIV. P. 42(a); see Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765 (11th Cir. 1995); In re Consol. Parlodel Lit., 182 F.R.D. 441, 444 (D.N.J. 1998) ("A common question of law or fact shared by all of the cases is a prerequisite for consolidation.").

Where the common question of law or fact requirement has been satisfied, trial courts in the Eleventh Circuit are "encouraged . . . to 'make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary

6

repetition and confusion.' " Hendrix, 776 F.2d at 1495 (quoting Dupont v. S. Pac. Co., 366 F.2d 193, 195 (5th Cir. 1966)). But, "the mere existence of common issues, although a prerequisite to consolidation, does not mandate a joint trial." Cedar-Sinai Med. Ctr. v. Revlon, Inc., 111 F.R.D. 24, 32 (D. Del. 1986). Rather, in determining whether consolidation is appropriate, the court must assess

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix, 776 F.2d at 1495 (quoting Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982)). Thus, even though "consolidation may enhance judicial efficiency, '[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial.'" In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993) (quoting Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990)). The party seeking consolidation bears the burden of establishing that consolidation under Rule 42(a) is appropriate. In re Repetitive Stress Injury Litig., 11 F.3d at 373; Servants of Paraclete, Inc. v.

7

Great Am. Ins. Co., 866 F. Supp. 1560, 1572 (D.N.M. 1994); Powell v. Nat. Football League, 764 F. Supp. 1351, 1359 (D. Minn. 1991).

The Court finds that consolidation of these two suits is appropriate. A central question in both suits is whether the issues raised before the Georgia PSC are within the exclusive jurisdiction of the FCC; i.e., whether the claims can be heard at the Georgia PSC at all. In fact, the only distinction between these actions is that the Gainesville action brings that question in the form of a declaratory judgment, while the Atlanta action brings the question as a defense to jurisdiction. Ultimately, the consolidation of these actions would save the parties from possible inconsistent judgments and would save both the parties' and the court's resources. Therefore, TDS's Motions for Consolidation [36, 14] are **GRANTED**. The Court **DIRECTS** the Clerk to **CONSOLIDATE** these actions under Civil Action No. 1:11-CV-2749-RWS, as the parties are more appropriately aligned under that action, and to **ADMINISTRATIVELY CLOSE** Civil Action No. 2:11-CV-606-RWS.

## III. Motion for Reconsideration of the Motion to Stay and Motion to Remand[1]

---

[1] As the Court finds the briefing sufficient in this matter, TDS's Motion for Oral Argument on its Motion for Reconsideration and to Remand [36] is **DENIED**.

AO 72A
(Rev.8/82)

As an initial matter, TDS moves this Court to reconsider its decision to stay this action. The Court notes that the bankruptcy court has determined that the automatic stay provision should not apply to any state-regulatory actions, and this Court only *sua sponte* issued the stay in response to Halo's suggestion of bankruptcy on the docket. As this court agrees with the bankruptcy court's reasoning that the automatic stay should not apply, the Court will reconsider its prior order [9] and will **TERMINATE** the stay.

Additionally, TDS has requested this Court to remand this action back to the Georgia PSC. Halo removed this action pursuant to 28 U.S.C. § 1452, which provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

Further, § 1334(b) provides that the district court "shall have original but not

9

exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

TDS argues that removing the action from the Georgia PSC was improper as it is not a "civil action" which would be covered by § 1452, but rather is a regulatory proceeding. Halo counters that because, at bottom, the suit seeks monetary damages, it is a civil action between private parties. Moreover, Halo argues that the FCC retains exclusive jurisdiction over this matter, while asking this Court to transfer it to the bankruptcy court.

Like the Middle District of Tennessee, the Bankruptcy Court of South Carolina, and the Western District of Missouri before it, this Court also holds that the Georgia PSC action was not removable. See BPS Tel. Co. v. Halo Wireless, Inc., 2:11-cv-4220-NKL, Dkt. No. [41-1] (W.D. Mo. Dec. 21, 2011); Concord Tel. Exch. v. Halo Wireless, Inc., No. 3-11-0796, 2011 WL 5325572 (M.D. Tenn. Nov. 3, 2011); Bellsouth Telecomms., LLC v. Halo Wireless, Inc., No. 11-80162-dd, 2011 WL 6010248 (Bankr. D.S.C. Nov. 30, 2011). Here, TDS has requested the Georgia PSC to issue cease and desist orders which would prevent Halo and Transcom from acting in Georgia–a clear assertion of

10

the State's regulatory power. See O.C.G.A. § 46-5-45.[2] Further, TDS is arguing that Halo and Transcom's improper traffic is essentially intrastate, and the Georgia PSC is expressly given jurisdiction to regulate telephone companies within Georgia. See O.C.G.A. § 46-2-20 *et seq.*

Moreover, because Halo removed this action prior to the Georgia PSC issuing an opinion, there is no decision or interpretation for this Court to review. See Concord Tel. Exch., 2011 WL 5325572 at *2 ("Federal district courts have jurisdiction to review certain types of decisions by state commissions, and the Telecommunications Act of 1996 . . . provides for judicial review of certain types of determinations by state commissions."); 47 U.S.C. § 252(e)(6). As a result, the Court **GRANTS** TDS's Motion to Remand [11].[3] The

---

[2] O.C.G.A. § 46-5-45 states "[w]henever any person is engaged in or is about to engage in the construction, operation, or acquisition of any telephone line, plant, or system without having secured a certificate of public convenience and necessity as required by Code Section 46-5-41, any interested person may file a complaint with the commission. The commission may, with or without notice, make its order requiring the person complained of to cease and desist from such construction, operation, or acquisition until the commission makes and files its decision on the complaint or until the further order of the commission. The commission may, after a hearing conducted after the giving of reasonable notice, make such order and prescribe such terms and conditions with respect thereto as are just and reasonable."

[3] The Court notes that had it not consolidated the Gainesville and Atlanta actions, there might be a question as to whether the declaratory-judgment Gainesville action could remain, which the Court no longer has to address post-consolidation. However, in consideration of Younger v. Harris, 401 U.S. 37 (1971) and its progeny, this Court has

11

Clerk is **DIRECTED** to remand this action to the Georgia PSC, Dkt. No. 34219. As a result, Halo and Transcom's Motions to Transfer [34, 17] are **DENIED**.

## IV. Conclusion

As an initial matter, TDS's Motion for Oral Argument on its Motion for Reconsideration and to Remand [36] is **DENIED**. However, TDS's Motions for Consolidation [36, 14] are **GRANTED**. The Court **DIRECTS** the Clerk to **CONSOLIDATE** these actions under Civil Action No. 1:11-CV-2749-RWS, as the parties are more appropriately aligned under that action, and to **ADMINISTRATIVELY CLOSE** Civil Action No. 2:11-CV-158-RWS. Additionally, the Court will **RECONSIDER** its prior order staying the matter [9] and will **TERMINATE** the stay. Further, the Court **GRANTS** TDS's Motion to Remand [11]. The Clerk is **DIRECTED** to remand this action to the Georgia PSC, Dkt. No. 34219. As a result, Halo and Transcom's Motions to Transfer to the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division [34, 17] are **DENIED**.

---

grave reservations about whether Halo's declaratory judgment action would have been proper in the first instance. But as it does not have to reach such issues, the Court declines to do so here.

12

**SO ORDERED**, this  26th  day of January, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

13